Matter of Hallock (2020 NY Slip Op 01060)





Matter of Hallock


2020 NY Slip Op 01060


Decided on February 13, 2020


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
RUTH C. BALKIN, JJ.


2019-03587

[*1]In the Matter of Larry Hallock, an attorney and counselor-at-law. (Attorney Registration No. 2480424)



The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on May 20, 1992. By order to show cause dated April 18, 2019, the respondent was directed to show cause why an order should not be made and entered pursuant to 22 NYCRR 1240.13 imposing reciprocal discipline upon him for the misconduct underlying the discipline imposed by an order of the United States District Court for the Southern District of New York dated January 16, 2019.



Catherine A. Sheridan, Hauppauge, NY (Elizabeth A. Grabowski of counsel), for Grievance Committee for the Tenth Judicial District.
Emery Celli Brinckerhoff & Abady LLP, New York, NY (Hal R. Lieberman of counsel), for respondent.



PER CURIAM.


OPINION & ORDER
By order dated January 16, 2019, the United States District Court for the Southern District of New York (hereinafter District Court) censured the respondent, on consent, for his violation of rule 5.1(b)(1) and (b)(2) (failure to ensure that Oleg Smolyar, an attorney under his supervision, conformed to the Rules of Professional Conduct [22 NYCRR 1200.0]); 5.1(d)(2)(ii) (responsibility for Smolyar's misconduct); and 8.4(h) (engaging in conduct that reflects adversely on the respondent's fitness to practice law) of the Rules of Professional Conduct (22 NYCRR 1200.0).
District Court Proceedings: Background
The respondent is a name partner in the law firm of Hallock & Malerba, P.C., which represented the plaintiff Sheri Luscier in a personal injury action concerning an automobile accident. The disciplinary action taken by the District Court against the respondent in the form of a censure was predicated on the respondent's conduct in that personal injury action entitled Luscier v Risinger Brothers Transfer (2015 US Dist LEXIS 129640 [SD NY, No. 13-cv-8553 (PKC)]), commenced in the District Court, for which sanctions were imposed on the respondent, his law partner (the other name partner in the firm), and Oleg Smolyar, who formerly was of counsel to Hallock & Malerba, P.C. The misconduct, consisting of, inter alia, "a sham filing," and the sanctions imposed are detailed in a sanctions order issued on September 17, 2015, by the Honorable P. Kevin Castel, which are summarized in this Court's opinion and order imposing reciprocal discipline on Smolyar (see Matter of Smolyar, 165 AD3d 74). Familiarity with Smolyar's misconduct, and that of the respondent and his law partner, as summarized in our [*2]opinion and order, are assumed. An abbreviated summary, nonetheless, is necessary to understand the basis for the disciplinary action taken against the respondent.
The gravamen of the misconduct concerned the filing of an affidavit purportedly from Luscier (hereinafter the Luscier Affidavit), which turned out to be a fraudulent filing inasmuch as it incorrectly represented that Smolyar had administered an oath to Luscier and Luscier subscribed the affidavit in Smolyar's presence. In response to an instruction from the District Court to explain the circumstances surrounding the Luscier Affidavit and its execution, the respondent filed an "Attorney's Affidavit," dated June 22, 2015, signed but not sworn by Smolyar, which falsely stated that Smolyar had read the Luscier Affidavit to Luscier, that Luscier commented on it, and that Luscier's requested changes were incorporated into the final product. Smolyar subsequently recanted the "Attorney's Affidavit." It was undisputed that the "Attorney's Affidavit" was drafted verbatim by the respondent and that it falsely stated the circumstances surrounding the Luscier Affidavit. The respondent's account of the facts surrounding the creation of the "Attorney's Affidavit" differed from Smolyar's account. Smolyar claimed that the respondent drafted the contents before speaking to Smolyar, and instructed him to use the language provided. The respondent, on the other hand, claimed that he drafted the "Attorney's Affidavit" after speaking to Smolyar, and the statement accurately reflected the circumstances related to him (see Matter of Smolyar, 165 AD3d at 78).
The District Court sanctioned not only Smolyar but also the law firm of Hallock & Malerba, P.C., and its partners. With respect to the law firm of Hallock & Malerba, P.C., and its partners, the District Court determined that sanctions were warranted under Rule 11 of the Federal Rules of Civil Procedure, based, not on the fact that the law firm had the misfortune of employing an attorney who engaged in misconduct, but because the respondent, a name partner in the firm, was a direct participant in the preparation and filing of the "Attorney's Affidavit." The District Court found that, even accepting the respondent's claim that he drafted the "Attorney's Affidavit" after speaking to Smolyar, the respondent had serious reasons to doubt the veracity of the contents of the "Attorney's Affidavit," but failed to make any attempt to verify Smolyar's account before filing the "Attorney's Affidavit" with the court (see Matter of Smolyar, 165 AD3d at 79).
The District Court, inter alia, sanctioned Smolyar and the law firm of Hallock & Malerba, P.C., jointly and severally, in the amount of $9,000 under Rule 11 of the Federal Rules of Civil Procedure. The District Court referred the matter to the Committee on Grievances of the District Court (hereinafter Committee on Grievances).
Statement of Charges by the District Court
On July 7, 2016, the Committee on Grievances issued an order to show cause and statement of charges, directing the respondent to answer allegations that he submitted "a sham affidavit" on behalf of his client, failed to supervise the attorney who drafted the affidavit, and subsequently submitted to the Court a letter (the "Attorney's Affidavit") that contained false statements designed to cover up the wrongdoing.
On October 24, 2018, the respondent submitted a declaration in which he admitted that he failed to fulfill his obligation to properly supervise Smolyar, in violation of the following Rules of Professional Conduct:
(1) 5.1(b)(1) ("a lawyer with management responsibility in a law firm shall make reasonable efforts to ensure that other lawyers in the firm conform to these Rules");
(2) 5.1(b)(2) ("a lawyer with direct supervisory authority over another lawyer shall make reasonable efforts to ensure that the supervised lawyer conforms to these Rules");
(3) 5.1(d)(2)(ii) ("[a] lawyer shall be responsible for a violation of these Rules by another lawyer if: the lawyer is a partner in a law firm or is a lawyer who individually or together with other lawyers possesses comparable managerial responsibility in a law firm in which the other lawyer practices or is a lawyer who has supervisory authority over the other lawyer; and in the exercise of reasonable management or supervisory authority should have known of the conduct so that reasonable remedial action could have been taken at a time when the [*3]consequences of the conduct could have been avoided or mitigated"); and
(4) 8.4(h) ("a lawyer or law firm shall not: engage in any other conduct that adversely reflects on the lawyer's fitness as a lawyer").
Accordingly, the Committee on Grievances sustained various charges.
The respondent consented to a censure as a sanction for his misconduct. "Taking into consideration all of the circumstances [indicated by the record], including the fact that Hallock & Malerba, P.C., was sanctioned by Judge Castel pursuant to Rule 11," the Committee on Grievances determined that a censure was appropriate. The respondent was granted leave to resign from the bar of the Southern District of New York upon resolution of the matter.
Finding that the respondent raised no issue requiring a hearing, the District Court imposed a censure by order dated January 16, 2019.
Order to Show Cause
By order to show cause dated April 18, 2019, the respondent was directed to show cause why an order should not be made and entered pursuant to 22 NYCRR 1240.13 imposing reciprocal discipline upon him for the misconduct underlying the discipline imposed by the District Court.
In a response dated June 7, 2019, submitted by his attorneys, the respondent acknowledges that he was censured by the District Court. The respondent asks that this Court impose reciprocal discipline no more severe than a public censure, taking into consideration the following mitigating circumstances: his remorse, his cooperation with the District Court proceedings, his lack of a prior disciplinary history in a 27-year legal career, sanctions already imposed by the District Court, and his reputation in the legal community for honesty and integrity as reflected in character letters submitted on his behalf.
Contrary to the respondent's assertion that he has no prior disciplinary history, he was issued a letter of caution on September 22, 2000, for failing to appear at scheduled court conferences for several clients for whom he was appointed as assigned 18-b counsel.
Findings and Conclusion
Based on the foregoing, we find that the imposition of reciprocal discipline is warranted. While the respondent admits that he failed to supervise Smolyar, we find that the respondent's misconduct extended beyond a mere failure to supervise. The District Court sanctioned the respondent and his firm, finding that the respondent was a "direct participant in the preparation and filing of the Attorney's Affidavit,'" which was designed to cover up the initial wrongdoing. Failure by attorneys to adhere to basic standards of honesty in their representations to the courts seriously compromises the ability of the courts to render the appropriate disposition in matters brought before them. Notwithstanding the mitigation advanced, we conclude that a suspension from the practice of law for one year is warranted.
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and BALKIN, JJ., concur.
ORDERED that pursuant to 22 NYCRR 1240.13, the respondent, Larry Hallock, is suspended from the practice of law for one year, commencing March 16, 2020, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than December 16, 2020. In such application (see 22 NYCRR 1240.16 and 691.11), the respondent shall furnish satisfactory proof that during the period of suspension he (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11(c)(3); and (4) otherwise properly conducted himself; and it is further,
ORDERED that during the period of suspension and until further order of this Court, the respondent, Larry Hallock, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, the respondent, Larry Hallock, shall desist and refrain from [*4](1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Larry Hallock, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court